UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISCILLA MATTHEWS,

       Plaintiff,                     CIVIL ACTION NO. 06-11618

     v.                             DISTRICT JUDGE DENISE PAGE HOOD

MICHAEL BAUMHAFT,            MAGISTRATE JUDGE VIRGINIA MORGAN
UNIVERSAL HOMES, LLC, a Michigan
company, MIDWEST EXPRESS
FUNDING, INC., a Michigan company,
EXACT TITLE, LLC, a Michigan company,
BARRY A. ROGOW, REAL FINANCIAL,
LLC, a Michigan company, JODY KLASK
ROGOW, SAMUEL BELL, RONALD
RAHAL, MARKET VALUE APPRAISALS,
LLC, a Michigan company, MARKET VALUE
APPRAISAL, INC., a Michigan company,
COUNTRWIDE HOME LOANS, INC., a
foreign corporation, and TICOR TITLE
INSURANCE COMPANY, a foreign corporation,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT COUNTRYWIDE'S MOTION TO DISMISS (D/E 12)**

     This case is before the court on the motion of defendant Countrywide to dismiss under

F.R.Civ.P. Rule 12(b)(6). Plaintiff responded to the motion and Countrywide filed a reply. Oral

argument was held before the magistrate judge. For the reasons stated on the record and as set

- 1 -

forth in this Report, it is recommended that the motion be granted as plaintiff has failed to state a claim against Countrywide.

Countrywide is a loan servicer for the mortgage loan entered into by plaintiff with Argent Mortgage.  In 2004, plaintiff agreed to purchase two real properties in Detroit, Michigan.  She bought these properties from Michael Baumhaft and Midwest Funding LLC (one of Baumhaft's companies).  Financing was obtained through Argent Mortgage by means of adjustable rate notes.  Plaintiff filed this action in April, 2006, seeking to cancel the mortgages and have all the amounts paid by her on the notes returned.  She alleges that Baumhaft, with the assistance of defendants Exact Title LLC, Barry Rogow, Jody Rogow, Real Financial LLC, Ronald Rahal, Market Value Appraisals and Market Value Appraisals Inc, misrepresented the values of the real properties.  Plaintiff does not allege any wrongdoing against Argent.

Countrywide seeks to dismiss under F.R.Civ.P. Rule 12(b)(6).  In reviewing defendant's motion for dismissal and/or summary judgment, the court has examined affidavits and exhibits provided by both parties. When the court considers materials submitted in addition to the pleadings, Federal Rule of Civil Procedure 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance.  The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case.  Id. 477 U.S. at 324.  Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case."  Id.  Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986).  Once the moving party has made this showing, the burden passes to the non-moving party to go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

Federal Rule of Civil Procedure Rule 12(b)(6) provides that the court may dismiss a case for failure to state a claim. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  Thus, when reviewing a motion for dismissal, the court is to give the pleader the benefit of the doubt, as to well pleaded facts and the inferences drawn from them.  However, the court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir. 1998), citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12

(6th Cir. 1987).  The admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  <u>Id.</u>  A complaint must contain either direct or inferential allegations representing all the material elements to sustain a recovery under some viable legal theory.  <u>Id.</u>

In this case, plaintiff's legal theory is a claim under Michigan law, essentially to rescind the contract and recover the amounts paid thereunder.  See, <u>Mesh v. Citrin</u>, 299 Mich. 527 (1941).  Under Federal Rules of Civil Procedure, as in Michigan law (MCR 2.112(B)(1), fraud claims must be pleaded with particularity.  See FRCP Rule 9(b).  The elements of a fraud claim under Michigan law are that plaintiff must allege: (1) a material representation was made by Countrywide to plaintiff; (2) the representation was false; (3) Countrywide knew that the material representation was false at the time it was made, or was reckless in making the same and made it as a positive assertion; (5) Countrywide intended plaintiff to act upon the misrepresentation; (6) plaintiff [reasonably] acted on the misrepresentation; and (7) plaintiff was injured as a consequence.  See, <u>Kassab v. Michigan Basic Property Ins Assoc</u>, 441 Mich. 433, 442 (1992).  Here, plaintiff makes no allegations of such conduct against Countrywide, nor against Argent.  Plaintiff merely alleges: "¶44:  As the holder/servicer of the mortgagee interest on the two properties, defendant Countrywide Home Loans, Ins. is subject to claims regarding the validity of the two sales."  Plaintiff fails to identify any statement in the complaint that meets that criteria.  Nor does she otherwise provide facts from which the court could conclude that

- 4 -

Countrywide made misrepresentations to her on which they intended her to rely. Where there is a complete failure of proof concerning an essential element and there is no support in fact or law for such conclusion, Countrywide is entitled to be dismissed. See, Davis v. U.S. Bancorp, 383 F.3d 761 (8th Cir. 2004).

Accordingly, it is recommended that the defendant's motion be granted, that summary judgment be granted as to Countrywide, and the case dismissed as to this defendant only under FRCP Rule 56.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                      S/VIRGINIA M. MORGAN
                                      VIRGINIA M. MORGAN
                                      UNITED STATES MAGISTRATE JUDGE

Dated:  September 28, 2006

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 28, 2006.

                                      s/Kendra Byrd
                                      Case Manager to
                                      Magistrate Judge Virginia M. Morgan