UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISCILLA MATTHEWS,

   Plaintiff,        CIVIL ACTION NO. 06-11618

 v.            DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT; UNIVERSAL MAGISTRATE JUDGE VIRGINIA MORGAN
HOMES, LLC, a Michigan company;
MIDWEST EXPRESS FUNDING, INC.,
a Michigan company; EXACT TITLE,
LLC, a Michigan Company; BARRY A.
ROGOW; REAL FINANCIAL, LLC, a
Michigan company; JODY KLASK
ROGOW; SAMUEL BELL; RONALD
RAHAL; MARKET VALUE APPRAISALS,
LLC, a Michigan company; MARKET
VALUE APPRAISAL, INC., a Michigan
company; COUNTRYWIDE HOME
LOANS, INC., a foreign corporation; and
TICOR TITLE INSURANCE COMPANY,
a foreign corporation,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

  Defendant Ticor Title seeks a dismissal of the claims against it.  Defendant argues that plaintiff has failed to state a claim against it and/or it is entitled to summary judgment.  Oral argument was held before the magistrate judge and plaintiff was directed to submit a RICO case statement outlining the claims against each defendant.  After review of that pleading, the court

recommends that the motion should be granted and defendant Ticor Title Insurance Company be dismissed from the action.

In reviewing defendants' motion for dismissal and/or summary judgment, the court has examined affidavits and exhibits provided by both parties. When the court considers materials submitted in addition to the pleadings, Federal Rule of Civil Procedure 12(b) provides that "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Rule 56 of the Federal Rules of Civil Procedure, provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Supreme Court's decision in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), provides guidance. The Court rejected a standard which required moving parties to support their motions for summary judgment with an affirmative evidentiary showing which tended to negate the essential elements of plaintiff's case. Id. 477 U.S. at 324. Instead the Court said, "the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." Id. Of course, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588 (1986). Once the moving party has made this showing, the burden passes to the non-moving party to go

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. Id.; see also, Roby v. Center Companies, 679 F.Supp. 664 (E.D. Mich. 1987).

Federal Rule of Civil Procedure Rule 12(b)(6) provides that the court may dismiss a case for failure to state a claim. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). Thus, when reviewing a motion for dismissal, the court is to give the pleader the benefit of the doubt, as to well pleaded facts and the inferences drawn from them. However, the court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir. 1998), citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). The admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Id. A complaint must contain either direct or inferential allegations representing all the material elements to sustain a recovery under some viable legal theory. Id.

This action arose out of the sale by defendant Baumhaft to Priscilla Mathews of two residential dwellings which she intended to rent out and use as investments. Plaintiff alleges a civil RICO claim against several defendants, including false appraisals, misrepresentations, and a pattern of racketeering activity. Part of the relief sought is to undo the sale of the properties and/or relieve her from the obligations under the mortgage. Defendant submits that it is not

liable for any RICO cause of action nor is there any other properly alleged claim against it. The court agrees with defendant Ticor.

Ticor's role is identified in the RICO case statement as follows:

2. For each defendant state the misconduct and the basis of liability:

     \* \* \* \* \* \*

2J: Ticor Title Insurance Company:

> "Issuer of the title policies to plaintiff for the two properties, concerning which plaintiff seeks declaratory relief inasmuch as she cannot give a warranty deed on the properties. No RICO claim."

There being admitted no RICO claim, defendant submits that the claim against it is essentially one for breach of contract. Plaintiff's count VII entitled "Policy Claims" alleges as follows:

¶47: As the issuer of the title policies on the two properties, defendant Ticor Title Insurance Company is subject to policy claims regarding the invalidity of the two sales.

¶48: Plaintiff seeks to have each sale declared invalid, and . . . [plaintiff's] economic damages to be compensated under each policy.

Plaintiff does indeed appear to be making a claim for money damages under an agreement or contract between the parties, or to ask for recision of that contract. To establish a claim for breach of contract claim under Michigan law, plaintiff must establish both the elements of a contract and the breach of it. See, Pawlak v. Redox Corp., 182 Mich. App. 758, 765 (1990). The essential elements of a valid contract are that (1) parties competent to contract; (2) proper subject matter; (3) a legal consideration; (4) mutuality of agreement, and (5) mutuality of

obligation.  Hess v. Cannon Twp., 265 Mich. App. 582, 592 (2005) quoting Thomas v. Leja, 187 Mich. App. 418, 422 (1991).  Plaintiff must then demonstrate that the contract was breached and that he suffered damages as a result.  See, Lawrence v. Will Darrah and Assoc., Inc, 445 Mich. 1, 6-8 (1994).

In this case, plaintiff's complaint fails to identify these elements.  She has not referenced the terms of the contract between Ticor and plaintiff that she alleges were breached.  However, by naming Ticor, plaintiff has given it notice of the possible claims against it.  Ticor appears to be the underwriting title insurance company, not the agency which sold the title insurance policy to plaintiff.  That entity is Exact Title and is also named as a defendant.  Discovery may shed light on how the policy came to be written, that is, how Ticor insured a chain of title which showed a transfer from Midwest Express Funding LLC (which plaintiff claims is fictitious) to plaintiff.  Plaintiff also notes that Madden, Hauser–the law firm for Ticor–is also the law firm that filed another of Baumhaft's companies, Best Leads LLC.

To the extent that Ticor seeks to end this litigation, the outcome of the case may well subject it to liability as a result of the actions of its agents.  *Res judicata* and/or collateral estoppel could bar re-litigation of the claims and may subject Ticor to liability to plaintiff.  Nevertheless, given the absence of a clear claim against Ticor and plaintiff's statement that she does not wish to proceed against Ticor under RICO, it is recommended that Ticor's motion be granted and the case against it be dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                    s/Virginia M. Morgan
                                    Virginia M. Morgan
                                    United States Magistrate Judge

Dated:  February 22, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 22, 2007.

                                            s/Jane Johnson
                                            Case Manager to
                                            Magistrate Judge Virginia M. Morgan