UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PRISCILLA MATTHEWS, | Case No. 06-11618 |
| Plaintiff, | DISTRICT JUDGE<br>ARTHUR J. TARNOW |
| v. | |
| MICHAEL BAUMHAFT, et al., | MAGISTRATE JUDGE<br>VIRGINIA M. MORGAN |
| Defendant. | |

_____/

## **<u>ORDER DENYING DEFENDANTS' OBJECTIONS [DE 126 & 140] TO MAGISTRATE JUDGE'S ORDERS</u>**

Before the Court are the objections of Defendants Ronald Rahal, Market Value Appraisals LLC, and Market Value Appraisal, Inc. ("Appraisers"), [DE 126] to the Magistrate Judge's order of August 29, 2007 [DE 122]; as well as Defendant Baumhaft's objection [DE 140] to the Magistrate Judge's order of December 12, 2007 [DE 137].

The Court finds that the facts and legal arguments are adequately presented in the objections and supporting briefs, and that oral argument would not significantly aid the decision process. Therefore, pursuant to Eastern District of Michigan Local Rule LR 7.1(e)(2), Defendant's motion will be decided on the briefs and without oral argument.

The Court has reviewed the pertinent record and pleadings. It finds the orders of the Magistrate Judge to be neither "clearly erroneous or contrary to law" as required for reconsideration of any decision by a magistrate. *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, both Objections are DENIED.

### **DISCUSSION**

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a) is that a magistrate judge's nondispositive orders shall not be disturbed unless "found to be clearly erroneous

or contrary to law." *Curtis*, 237 F.3d at 603. The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D.Mich. 2007) (Borman, J.) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The test is

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

The Appraiser Defendants object to three aspects of the Magistrate Judge's Order: the subpoena for phone records to AT&T, forensic imaging of office computers, and submission to *in camera* review by the Magistrate of attorney billing statements.

Defendants invoke attorney-client privilege in the challenge of the billing statements. However, "receipt of fees from a client is not usually within the privilege because the payment of a fee is not normally a matter of confidence or a communication." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451-52 & 452 n.6 (6th Cir. 1983).

Defendants argue that billing statements are privileged if they contain privileged information. *See*, *e.g.*, *Fidelity and Deposit Co. of Maryland v. McCulloch*, 168 F.R.D. 516, 523 (E.D.Pa. 1996) ("[B]illing records clearly are subject to the attorney-client privilege 'to the extent that they reveal litigation strategy and/or the nature of services performed.'") (citation omitted)). However, Magistrate Judge Morgan properly ordered the material be presented to her *in camera*, which affords Defendants appropriate protection. *See Jabara v. Kelley* 75 F.R.D. 475, 489 (D.C.Mich. 1977) ("The Court wishes to make it abundantly clear that the *in camera* review in this case has been conducted solely for the purposes of determining the discoverability of the information at issue . . ."). Hence, as to the billing statements, the Order was neither clearly erroneous nor contrary to law.

Neither was the order for forensic imaging of Defendants' computers. Defendants cite *In*

*re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003), which held that "Rule 34(a) does not grant unrestricted, direct access to a respondent's database compilations." But *Ford Motor* acknowledged that where misconduct is found, such sweeping discovery might be ordered. *Id*. at 1317. Here, Defendants have refused to provide the work history documents Plaintiff requested, providing only "sample" appraisals.

Not only do Defendants' appraisals reside in the computer, but so does the software used to generate the appraisal. As that software is also relevant to the question of whether Defendant Rahal performed the appraisals in question, it is relevant to the case at large. The Magistrate Judge did not err in ordering the imaging of Defendant Appraisers' computers.

Finally, Defendant Appraisers object to the enforcement of a subpoena against AT&T for a duration greater than a few months in 2004. However, the relationship between the Appraisers and Defendant Baumhaft is at issue in this case, especially as it pertains to the lawsuits commenced in 2005 and 2006. The Magistrate did not err in enforcing the subpoena through the end of 2006.

As to Defendant Baumhaft's objections to the Magistrate Judge's Order for sanctions, the Court finds no error of fact or law supporting a modification or rejection of the Order. Defendant Baumhaft cites no error of law in his objections, and the Order clearly explains its evidentiary support.

## CONCLUSION

IT IS HEREBY ORDERED that the objections of Defendants Rahal, *et al.*, [DE 126] are DENIED.

IT IS FURTHER ORDERED that the objections of Defendant Baumhaft [DE 140] are DENIED.

IT IS FURTHER ORDERED that Magistrate Judge's Orders [DE 124 and 137] are

AFIRMED.

    SO ORDERED.

                                    <u>S/ARTHUR J. TARNOW</u>
                                    Arthur J. Tarnow
                                    United States District Judge

Dated: May 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 29, 2008, by electronic and/or ordinary mail.

                                    <u>S/THERESA E. TAYLOR</u>
                                    Case Manager