UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PRISCILLA MATTHEWS,

        Plaintiff,               CIVIL ACTION NO. 06-11618

        v.                   DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT,         MAGISTRATE JUDGE VIRGINIA MORGAN
UNIVERSAL HOMES, LLC, a Michigan
company, MIDWEST EXPRESS
FUNDING, INC., a Michigan company,
EXACT TITLE, LLC, a Michigan company,
BARRY A. ROGOW, REAL FINANCIAL,
LLC, a Michigan company, JODY KLASK
ROGOW, SAMUEL BELL, RONALD
RAHAL, MARKET VALUE APPRAISALS,
LLC, a Michigan company, MARKET VALUE
APPRAISAL, INC., a Michigan company,
COUNTRWIDE HOME LOANS, INC., a
foreign corporation, and TICOR TITLE
INSURANCE COMPANY, a foreign corporation,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

    This matter is before the court on two motions for summary judgment: Plaintiff Mathews

motion  (D/E 142) and defendant Baumhaft's motion (D/E 143).[1]  Oral argument was held on the

motions August 11, 2008.  For the reasons discussed in this Report, it is recommended that both

plaintiff's motion and defendant Baumhaft's motion for summary judgment be denied.  Plaintiff

---

[1]This motion was filed by counsel William Roush prior to termination of his
representation.

- 1 -

fails to state with specificity and particularity the elements of a civil RICO claim and fraud claim. The brief sets forth a litany of "bad acts" by a "bad man." From this, plaintiff expects this court to therefore find liability as a matter of law. This the court should not do. Further, Baumhaft is no better. He cites portions of plaintiff's deposition, which may put material facts in dispute, but which do not entitle Baumhaft to judgment as a matter of law.

Plaintiff brings this action for money damages arising out of claimed mortgage fraud by defendant Baumhaft and his related companies. Plaintiff alleges a federal claim under civil RICO, 18 U.S.C. § 1962 *et. seq.*, and related state claims. The case arises from the plaintiff's purchase through defendant and his entities of two properties in Detroit: 9250 Trinity and 15858 Robson. Plaintiff alleges that Baumhaft obtained distressed properties "in bulk" and then flipped them to people throughout the country as part of real estate "program" that he marketed to individuals such as plaintiff. Plaintiff alleges that the property flipping activity is effectuated by false appraisals. (Plaintiff's Motion and Brief (D/E 142, p. 2) Plaintiff states that she bought more than one property due to the false assurance of value and benefits of acquisition. *Id.* Plaintiff alleges that Baumhaft promised her certain benefits including a built-in return of equity at 10 percent (per his promotional material), collection of rents, and resale to a qualified tenant. Plaintiff alleges that she was fraudulently induced to become an investor in the real estate program and that defendant conducted this program under various names. Plaintiff submits that she is entitled to judgment as a matter of law on the RICO claim because "Baumhaft has extensive fraudulent practices, with hundred of transactions involving mail and wire fraud, and sales of millions of dollars of real estate." Plaintiff resided in New York and financed her

purchases with mortgages from Argent Mortgage Company, a subsidiary of Ameriquest Mortgage Company.[2] Plaintiff alleges a claim under the federal RICO statute and four state law claims. She submits that her state law claims are secondary in that they replicate the RICO claim and the RICO claim affords her comprehensive relief.

**Standard of Review**

Plaintiff seeks summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his

_____

[2]It appears that these entities are no longer in business. See, Ameriquest Multi-State Settlement and New York Times 9/23/07.

pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist.

Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

### Rule 9(b) Pleading Standard

Plaintiff alleges acts of state law fraud and mail fraud in connection with her state and federal claims. Rule 9(b) of the Federal Rules of Civil Procedure provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally. The Sixth Circuit holds that Rule 9(b) must be read liberally. Coffey v. Foamex LP, 2 F.3d 157, 161 (6th Cir. 1993). At a minimum, plaintiff must allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. Id. at 162. In order to be actionable, misrepresentations must relate to past or existing facts, and a promise regarding the future cannot form the basis of a misrepresentation claim. Waun v. Universal Coin Laundry Machine LLC, 2006 WL 2742007 (Mich. App. 2006). Similar elements exist in analyzing a claim of fraudulent misrepresentation under Michigan law. See Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 335-6 (1976). Statements of opinion and "puffing" are not representations of material fact giving rise to a claim of fraud. Graham v. Myers, 333 Mich. 111, 115 (1952).

**The Civil RICO Statute 18 U.S.C. 1964(c)**

RICO's private right of action is contained in 18 U.S.C. § 1964(c), which provides in relevant part that any person injured in his business or property by reason of a violation of § 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages as well as attorney fees. The RICO statute grants standing to any person injured in his business or property by reason of a violation of § 1962. To demonstrate standing, plaintiff must plead (1) a violation of RICO, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) causation of the injury by the violation of § 1962 (as opposed to an injury from a predicate act). Lerner v. Fleet Bank, N.A., 318 F.3d 113, 120 (2nd Cir. 2003). RICO's use of the clause "by reason of" has been held to limit standing to those plaintiffs who allege that the asserted RICO violation was the legal, or proximate, cause of their injury, as well as a logical, or "but for cause." Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 268 (1992). In Holmes, 503 U.S. at 268, the Court found that to establish causation under RICO there must be a "direct relation between the injury asserted and injurious conduct alleged."

Section 1962(c) prohibits an enterprise from conducting its affairs through a "pattern" of "racketeering activity." See, GICC Capital Corp. v. Technology Finance Group, Inc., 67 F.3d 463, 465 (2nd Cir. 1995). There must be proof of a pattern of racketeering activity. H.J. Inc. v. Northwestern Bell Telephone, 492 U.S. 229 (1989). In order to establish a pattern of racketeering activity it is necessary to show the existence of at least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5). The acts which can serve as predicates are set forth in 18 U.S.C. § 1961(1) and include mail fraud, wire fraud and bank fraud, as those crimes are defined by federal statutes. In addition, there must be an enterprise. 18 U.S.C. § 1962(a)(b)&

(c); <u>Confederate Memorial Assoc., Inc. v. Hines</u>, 995 F.2d 295, 299 (D.C. Cir. 1993).

Allegations of fraud in a civil RICO complaint are subject to the particularity requirements of

Fed.R.Civ.P. 9(b). <u>Slaney v. International Amateur Athletic Federation</u>, 244 F.3d 580, 597 (7th

Cir. 2001). The complaint must sketch out who (i.e. which defendants) caused what to be mailed

[or used the telephone or wire] when, and how the mailing [or phone call or wire transfer]

furthered the fraudulent scheme. <u>Shiman v. Paradigm Venture Investors, LLC</u>, 2002 WL

1793570 at *2 (N.D. IL 2002).

**<u>Plaintiff's Motion</u>**

Here, plaintiff argues that she is entitled to relief under RICO because "Baumhaft's

fraudulent practices are extensive, with hundreds of transactions involving bank and mail/wire

fraud beyond the two sales to plaintiff in June 2004. Through his program, he sold millions of

dollars worth of real estate to numerous investors nationwide and national lenders provided

financing for the sales." (D/E 142, p. 3, ¶6) She states that "the record to date supports this

motion" and then in a footnote lists a variety to exhibits to this lawsuit and others. (D/E 142, p.

6) This is not sufficient for any judgment as a matter if law as to liability on the RICO claim.

Plaintiff fails to clearly identify the enterprise, the RICO injury, or the specific predicate acts.

She makes conclusory allegations which, if proved, would likely establish fraud and may, if

supported by particular facts, establish a RICO violation, but she does not meet the standard for

this court to find RICO liability as a matter of law.

Looking carefully at plaintiff's brief, she outlines the defendant's conduct as follows:

> "Plaintiff suffered economic injury in her two transactions. She
> was induced to purchase two properties, which she would not
> have, based on Baumhaft's misrepresentations as to
> value/ownership and other (falsely) promised benefits. . . She

received significantly undervalued[3] properties in direct contrast to the false value set forth in the purchase prices and she was denied other promised economic benefits."

(D/E 142, p. 11) While this may be true, material facts regarding these activities are disputed by defendant, thus summary judgment is not warranted.

### Evidence of an Enterprise

Plaintiff alleges a RICO enterprise. She does not identify the enterprise. The RICO statute defines an "enterprise" to "include[ ] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Several cases further delineate the contours of the "enterprise" element. In United States v. Turkette, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), the United States Supreme Court stated: "The enterprise is an entity, for present purposes a group of persons associated together for a *common purpose* of engaging in a course of conduct . . .. [This element] is proved by evidence of an *ongoing organization,* formal or informal, and by evidence that the various associates function as a *continuing unit.*" Facts detailing this requirement are lacking here. The Seventh Circuit has elaborated as follows: "The hallmark of an enterprise is structure . . .. [T]here must be *some structure,* to distinguish an enterprise from a mere conspiracy, *but there need not be much.* A RICO enterprise is an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to *hierarchical or consensual decision-making.* The continuity of an informal enterprise and the *differentiation among roles* can provide the requisite structure to prove the element of enterprise." Plaintiff has not laid out this structure in a manner consistent with Rule 56.

---

[3]Sic: overvalued?

***Evidence of Predicate Acts***

Neither are the predicate acts clearly identified.  Although plaintiff proffers that there were acts of mail fraud, bank fraud, and wire fraud, these are not further specified with dates, times, actors or documents.  Viewing the evidence discussed above in a light most favorable to the non-moving party, plaintiff has failed to meet the standard for the court to enter a judgment of liability as a matter of law.

***Affect on Interstate Commerce***

There is evidence that the underlying fraud took place across state lines, fulfilling the requirement of affecting interstate commerce.  The RICO statute requires that the enterprise was engaged in or affected interstate commerce, but does not offer any guidance as to this element, other than defining the offense as requiring proof of an "enterprise engaged in, or the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1962(c).  In the criminal context, the government concedes that it is required to prove that the *enterprise itself* was in some way connected to interstate commerce, not just that the individual acts of racketeering activity had such a connection.  But the interstate nature of the predicate acts themselves can establish the required connection between the enterprise and interstate commerce.  United States v. Bagnariol, 665 F.2d 877, 893 (9th Cir. 1981) ("The interstate commerce nexus must result from the enterprise.  It is permissible to find that nexus from acts also charged as predicate acts when those constitute the activities of the enterprise.").  The mailings may be to or from different states, but plaintiff has not clearly shown which specifically were indictable acts of mail fraud. In addition, plaintiff has testified at her deposition that she did not see and that she did not rely on the purportedly inflated appraisals.  (D/E 143, Ex. 1)  To sustain her civil RICO claim,

plaintiff must allege fraud and prove reliance by someone, whether it is herself or another party. See, <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 128 S.Ct. 2131, 2144 (2008).  This is not established as a matter of law.

## **Defendant's Motion**

With respect to defendant's motion for summary judgment and to dismiss plaintiff's complaint, this motion also fails to allege facts supportive of the relief requested.  Defendant argues only two points.  First, that plaintiff has failed to prove that she relied on the fraudulent representations because she did not see them.  It may be sufficient at trial if she showed that *someone* did.  Second, defendant argues that plaintiff did not perform any due diligence with respect to either property.  No case law is cited.  The court understands this to be an argument that if plaintiff had investigated defendant's misrepresentations, she would have known that defendant was lying to her and giving her fraudulent appraisals.  This argument does not seem particularly persuasive.   However, her reliance on these representations must be reasonable and Michigan law holds that "it is unreasonable for a person to repose trust and confidence in another individual where the interest of each are adverse."  <u>Beaty v. Hertzberg & Golden, PC</u>, 456 Mich. 247, 260-261 (1997).  It is also unreasonable where the interests of each party are commercially antagonistic.  <u>Andrie v. Chrystal-Anderson & Associates Realtors, Inc.</u>, 187 Mich. App. 333, 337 (1991).  Where plaintiff is the buyer and defendant the seller, the interests are commercially antagonistic.

Accordingly, it is recommended that both motions be denied and the matter proceed to trial before the district court.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan

Dated: October 10, 2008       United States Magistrate Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Michael Baumhaft via the Court's ECF System and/or U. S. Mail on October 10, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan