UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PRISCILLA MATTHEWS,

          Plaintiff,                   CIVIL ACTION NO. 06-11618

      v.                         DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT,             MAGISTRATE JUDGE VIRGINIA MORGAN
UNIVERSAL HOMES, LLC, a Michigan
company, MIDWEST EXPRESS
FUNDING, INC., a Michigan company,
EXACT TITLE, LLC, a Michigan company,
BARRY A. ROGOW, REAL FINANCIAL,
LLC, a Michigan company, JODY KLASK
ROGOW, SAMUEL BELL, RONALD
RAHAL, MARKET VALUE APPRAISALS,
LLC, a Michigan company, MARKET VALUE
APPRAISAL, INC., a Michigan company,
COUNTRWIDE HOME LOANS, INC., a
foreign corporation, and TICOR TITLE
INSURANCE COMPANY, a foreign corporation,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Motion to Hold Michael Baumhaft in

Contempt.[1]  (D/E 167)  Plaintiff asks the court to determine that defendant Baumhaft

("defendant") should be held in contempt of court for two reasons.  Defendant has not filed a

_____

[1]The motion is titled "Plaintiff's Motion And Brief In Support For Defendant Michael Baumhaft to Show Cause Why He Should Not Be Held In Contempt of Court."  The court deems this to be a Motion for Contempt.

response.  A hearing on the motion was held December 3, 2008.  Defendant did not appear.  For

the reasons discussed in this Report, it is recommended that the court hold defendant in contempt

and that a warrant be issued for defendant to be brought before the district judge forthwith to

show cause, if any there be, why he should not be incarcerated for civil contempt until he pays

the $2,500.00 sanction previously awarded by this Court.

      1)  Plaintiff first asks the court to find that defendant has obstructed justice by providing

deceitful information in his filing of November 7, 2007 (D/E 132).  Defendant made

representations and filed affidavits prepared by his attorneys that claimed he had no business

relationship with two individuals, Thomas Tillier (Big City Savers) and Rhonda Pratt.  Those

representations, and the "supporting" affidavits, were false.

      The underlying circumstances involved an inspection of computers at defendant's office.

The representations were made in an attempt to defeat plaintiff's request for sanctions against

defendant for violating a discovery order.  The order mandated that defendant permit an expert to

conduct electronic (forensic) imaging of all computers at his office.  Defendant would not allow

the imaging of some computers there.  Defendant asserted (D/E 132) that such devices were

unrelated to him, in particular that his business was "separate and apart" form any business

conducted by Tillier or Pratt.  (Baumhaft's response brief, p. 4 therein; p. 4 of 8 of D/E 132)  The

affidavits of Tillier and Pratt, prepared by defendant's attorneys, repeated this false claim.  (D/E

132-33 and 132-4, ¶ 2 herein).

      In light of subsequent developments in a related case, it is clear that defendant knew that

his assertion and the affidavits of Tillier and Pratt were false.  In McGuffin v. Baumhaft, Civil

Action No. 06-50135, which is a collection proceeding against defendant in this court, defendant gave evidence that directly contradicted his earlier contention, which claimed "no involvement" with Tillier or Pratt.  He provided plaintiff a memo dated August 25, 2008 (attached as Exhibit 21 to the Motion; see p. 2) that described his business activities.  In it he said he was a "consultant" to Tillier (Big City Savers).  He later testified at a creditor's examination in September, 2008, about his relationships with Tillier and Pratt.  He described extensive associations with them.  (Deposition excerpts are attached as Exhibit 2)  Defendant also provided banking records that showed numerous checks written by him to Rhonda Pratt - over $24,000.00 for just the month of November, 2007.  Those checks are attached as Exhibit 3 to Plaintiff's Motion.

As for his actual relationship with Tillier, defendant's recent testimony described an extensive relationship with Big City Savers.  Defendant attended weekly promotional meetings at which he attempted to enlist sales personnel for Big City Savers.  According to him, his new wife, Michelle Baumhaft, was a part owner of the company.  He said the company is now dormant.  As for Rhonda Pratt, he readily described her as someone with whom he did real estate deals; the checks written to her demonstrate their palpable business relationship beyond any doubt.  (See Exhibit 2 to Motion)

2) <u>Failure to Pay Sanctions</u>.  In December, 2007, defendant was ordered to pay court-ordered sanctions in the amount of $2,500.00.  (D/E 137, affirmed D/E 159)  Despite an openly lavish lifestyle (mansion on Cass Lake, Cadillac Escalade, Mercedes Benz) testified to by defendant at deposition, he claimed income of $4,000.00 to $6,000.00 per month.  He and his wife traveled to the Bahamas recently (per review of passport) and to Las Vegas last month,

according to counsel for plaintiff.  The Real Estate Listing for the home prior to defendant's

purchase was reviewed by counsel and he represents that the house is more than 5,000 square

feet with many bathrooms.  Plaintiff's counsel has reviewed checks which show that defendant

put down $100,00.00 in cash on the purchase of this home.  There is also some evidence of

nominee ownership with Alan Shiffman.

   3) <u>Findings</u>.  The court finds that there is unrebutted and persuasive evidence of the facts

set forth above.

   4) Relief Sought.  Plaintiff's counsel seeks an order from the district judge that holds

defendant in contempt and incarcerates him until he pays the $2,500.00 sanction**.**

   5) Conclusion of Law.  "A party may be found in contempt if the petitioner shows that

the respondent 'violate[d] a definite and specific order of the court requiring him to perform or

refrain from performing a particular act or acts with knowledge of the court's order.'"  <u>Gnesys,</u>

<u>Inc. v. Greene</u>, 437 F.3d 482, 493 (6th Cir. 2005) (citations omitted).  "Good faith is not a

defense in civil contempt proceedings" <u>Gnesys</u>, 437 F,3d at 493 (citing <u>Glover v. Johnson</u>, 934

F.2d 703, 708 (6th Cir. 1991).  Moreover, wilfulness is not an element of civil contempt.  <u>Rogers</u>

<u>v. Webster</u>, 776 F.2d 607, 612 (6th Cir. 1985).  Rather, "the burden is on the petitioner to 'prove

by clear and convincing evidence that the respondent violated the court's prior order.'"  <u>Gnesys</u>,

437 F,3d at 493 (quoting <u>Glover</u>, 934 F.2d at 707).  "The standard is whether 'the defendants

took all reasonable steps within their power to comply with the court's order,' which includes

whether the defendants have 'marshal[ed] their own resources, assert[ed] their high authority,

and demand[ed] the results needed from subordinate persons and agencies in order to effectuate

the course of action required by the [court's order].'"  <u>Gnesys</u>, 437 F,3d at 493 (quoting <u>Glover</u>,

934 F.2d at 707).  "Broadly, the purpose of civil contempt is to coerce an individual to perform

an act or to compensate an injured complainant."  U.S. v. Bayshore Associates, Inc., 934 F.2d

1391, 1400 (6th Cir. 1991).  See also United States v. Mine Workers, 330 U.S. 258, 303-04, 67

S.Ct. 677, 701-02, 91 L.Ed. 884 (1947) (purpose of civil contempt is "to coerce the defendant

into compliance with the court's order, and to compensate the complainant for losses

sustained"); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55

L.Ed. 797 (1911) (in civil contempt "the punishment is remedial, and for the benefit of the

complainant").

    "Incarceration has long been established as an appropriate sanction for civil contempt."

Bayshore Associates, Inc., 934 F.2d at 1400.  See also Hicks v. Feiock, 485 U.S. 624, 632, 108

S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988) ("If the relief provided is a sentence of imprisonment, it

is remedial if 'the defendant stands committed unless and until he performs the affirmative act

required by the court's order,' and is punitive if 'the sentence is limited to imprisonment for a

definite period.' "); Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16

L.Ed.2d 622 (1966) ("Where contempt consists of a refusal to obey a court order to testify at any

stage in judicial proceedings, the witness may be confined until compliance."); Gompers, 221

U.S. at 442, 31 S.Ct. at 498 ("If a defendant should refuse to pay alimony, or to surrender

property ordered to be turned over to a receiver, or to make a conveyance required by a decree

for specific performance, he could be committed until he complied with the order.").  However,

"[a]s used in the civil context, however, incarceration must be conditional" and "once the

defendant performs the act required by the court, he must be released."  Bayshore Associates,

Inc., 934 F.2d at 1400.  See also U.S. v. Universal Christian Church, 770 F.2d 167 (table), 1985

WL 13480, *4 n. 2 (6th Cir. 1985) (noting that a "judgment for civil contempt is conditional in

nature and can be terminated if the contemnor purges himself of the contempt" and a "civil

contemnor carries the keys to his prison").

In this case, the Court's order that defendant pay sanctions in the amount of $2,500.00

was clear and defendant has failed to pay that amount.  Plaintiff presented clear and convincing

evidence that defendant had the ability to pay the $2,500.00  Defendant did not file a response to

the motion for contempt or appear at the hearing before the Court.  In light of those

circumstances, this Court recommends that the motion be granted and that a warrant be issued

for defendant Baumhaft to be brought before the district judge forthwith to show cause, if any

there be, why he should not be incarcerated for civil contempt until he pays the $2,500.00

sanction previously awarded by this Court.[2]

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to

_____

[2]While it was not part of her motion for contempt, plaintiff also requested at that hearing
that a default judgment as to liability be entered against defendant on all the underlying claims
and that a hearing be set to determine a sum certain for damages.  While defendant has engaged
in egregious conduct, the Court does not recommend that default judgment be entered as a
sanction at this time because plaintiff's request was not made in the motion itself.  However,
defendant is put on notice that any further bad faith conduct on his part could result in default
judgment.

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: December 31, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Michael Baumhaft via the Court's ECF System and/or U. S. Mail on December 31, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
