UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRISCILLA MATTHEWS,

        Plaintiff,

v.

MICHAEL BAUMHAFT, *et al.*,

        Defendants.

_____/

Case No. 06-11618

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
VIRGINIA M. MORGAN

**ORDER ADOPTING REPORT AND RECOMMENDATION [166], and
DENYING MOTIONS FOR SUMMARY JUDGMENT [142] and [143]**

    Before the Court is the Magistrate's Report and Recommendation [166], which recommends denial of both Plaintiff's [142] and Defendants' [143] cross-motions for summary judgment. Plaintiff has filed an Objection [168].

    The Court has reviewed the record and the pleadings, and finds the orders of the Magistrate Judge to be neither "clearly erroneous or contrary to law" as required for reconsideration of a magistrate's decision. *See* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**I. DISCUSSION**

    Regarding the Magistrate's recommendation that Defendants' Motion for Summary Judgment [143] be denied, Defendants have raised no objection. The Report and Recommendation is therefore adopted as to that Motion, and it is entered as the findings of the Court.

    As to Plaintiff's Motion for Summary Judgment [142], and with the benefit of oral

1

argument, the Magistrate recommends denial because Plaintiff has "fail[ed] to state with specificity and particularity the elements of a civil RICO claim and fraud claim," thus precluding a finding of liability in favor of Plaintiff as a matter of law. Allegations of fraud in a civil RICO complaint are subject to heightened particularity requirements, as are allegations of fraud pled under state law. *See* Fed. R. Civ. P. 9(b); *Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). The Report and Recommendation notes that the conclusory allegations raised in Plaintiff's Motion may well establish state-law fraud or a RICO violation if specific facts are ultimately offered in support, but that Plaintiff has failed thus far specifically to document the "enterprise," the injury, or the specific predicate acts required to prove her RICO claim. The Magistrate rejects as insufficient Plaintiff's general assertion – supported only by a footnote citing superficially to various exhibits in this lawsuit and others – that "the record to date supports this motion." *See* Pl.'s Mot. at 7 n.3.

Much of Plaintiff's Objection [168] is devoted to a repetition of the same conclusory allegations that the Magistrate deemed insufficient to support summary disposition in Plaintiff's favor. The Court reviews *de novo* Plaintiff's specific assignments of error, but here, even those assignments of error are vaguely stated. *See* Fed. R. Civ. P. 72(b)(3).

Plaintiff objects that the Magistrate failed to regard or apply an adverse evidentiary presumption previously imposed against Defendants. *See* Pl.'s Obj. at 2. However, Plaintiff offers neither an explanation of the presumption, nor an argument as to how consideration of the presumption would have altered the Magistrate's analysis. Plaintiff's Objection is denied insofar as it fails to identify with specificity the importance of the evidentiary presumption to the resolution of the parties' motions for summary judgment. *See* Fed. R. Civ. P. 72 (b)(2).

Plaintiff also objects that it was error for the Report and Recommendation to fail to consider the "undisputed evidence" referenced glancingly in a footnote to Plaintiff's Motion. *See* Pl.'s Mot. at 7 n.3. Plaintiff's Objection now offers argument beyond the scope of that presented in the Motion before the Magistrate. The augmented argument is ostensibly supported by

"material attached to the motion[,] material on file with the court[,] and other lawsuit material, mainly deposition testimony, that is in hand but not filed with the Court." *See* Pl.'s Obj. at 10 n.5. Arguments elaborated for the first time in Plaintiff's Objection cannot sustain a finding that the Report and Recommendation is "clearly erroneous or contrary to law," and nor can materials that have not yet been presented for this Court's review. *See* Fed. R. Civ. P. 72(a).

## II. CONCLUSION

The Court has reviewed the record and the pleadings. For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Objection [168] is **DENIED**, and the Report and Recommendation [166] is **ADOPTED** and entered as the findings of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [142] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [143] is **DENIED**.

**SO ORDERED.**

> S/ARTHUR J. TARNOW
> Arthur J. Tarnow
> United States of America

Dated: March 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2009, by electronic and/or ordinary mail.

> S/FELICIA M. MOSES
> Case Manager